IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYRONZA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3489 |
| | § | |
| YALE VILLAGE APARTMENTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Tyronza Johnson, sued the Yale Village Apartments, Interstate Realty Management Company, individually and doing business as Yale Village Apartments, and Nelsy Segovia, seeking an indeterminate amount of damages for personal injuries allegedly caused by the defendants' negligent failure to timely inspect the plaintiff's apartment in response to reports of the smell of gas in the area and for failing to properly inspect and maintain the stove and/or gas line in the apartment. The defendants timely removed based on diversity and the plaintiff moved to remand, stating that the damages did not meet the $75,000 jurisdictional amount. (Docket Entry No. 5). In response, the defendants acknowledge the plaintiff's post-filing statement that the amount in controversy is less than $75,000. The defendants ask this court either to deny the motion to remand on the basis that the statement is insufficient to deprive the federal court of removal jurisdiction or to grant the motion but include in the remand order language stating that the plaintiff's stipulation will preclude her from recovering more than $75,000 in damages in the state court. (Docket Entry No. 6).

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the court strictly construes the removal statutes, guided by comity and the recognition that federal courts are courts of limited jurisdiction. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Though the court must remand the case to state court if at any time before final judgment it appears that it lacks subject-matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Freeport-McMoRan, Inc. v. K N energy, Inc.*, 498 U.S. 426, 428 (1991)).

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.* In this case, however, the plaintiff filed her petition in a state where the law ordinarily does not permit plaintiffs to plead a specific amount of money damages. *See, e.g., Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 562 (5th Cir. 1993). When, as here, a

plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. If the "facially apparent" test is not met, it is appropriate for the court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

In this case, iIt is not facially apparent from the plaintiff's state court petition that her damages exceed $75,000.00. The petition does not claim a specific amount. Nor does the plaintiff allege facts from which the amount in controversy could be reasonably inferred, such as by claiming specific injuries, seeking insurance policy limits, or alleging gross negligence and seeking exemplary damages.

The petition filed in the state court leaves the answer to the jurisdictional question unclear because the petition does not specify the amount in controversy and the damages amount cannot readily be specified from the petition. If the amount in controversy is ambiguous at the time of removal, the court may consider a post-removal stipulation to determine the amount in controversy at the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000);

*ANPAC*, 988 F.2d 559, 565 (5th Cir. 1993) (holding that a court may consider an affidavit that "clarif[ies] a petition that previously left the jurisdictional question ambiguous" to determine whether remand is proper). The post-removal statement Johnson filed unambiguously asserts that "the amount in controversy is less than $75,000, excluding interest, costs, and attorney's fees"—and in this negligence action, attorney's fees are not generally recoverable. These are "judicial confessions" that are binding on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, Civ. A. No. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). Because Johnson has stipulated that her damages are less than $75,000, excluding interest, costs, and attorney's fees, she may not recover damages exceeding this amount in state court. The requirements for federal jurisdiction under 28 U.S.C. § 1332(a) are not met. This case is remanded to the to the 164th Judicial District Court of Harris County, Texas, with an order stating recognizing that the plaintiff, Tyronza Johnson, has stipulated that she may not recover damages exceeding $75,000 in the state court.

       SIGNED on December 16, 2010, at Houston, Texas.

                                      Lee H. Rosenthal
                                 United States District Judge